2015 UT App 2

## THE UTAH COURT OF APPEALS

JEREMY T. BARTLETT,
Petitioner and Appellant,

*v.*

CLAUDIA L. BARTLETT,
Respondent and Appellee.

Memorandum Decision
No. 20130683-CA
Filed January 2, 2015

Fifth District Court, St. George Department
The Honorable James L. Shumate
No. 084500462

Jeremy T. Bartlett, Appellant Pro Se

Claudia L. Bartlett, Appellee Pro Se[1]

JUDGE J. FREDERIC VOROS JR. authored this Memorandum
Decision, in which JUDGES STEPHEN L. ROTH and
KATE A. TOOMEY concurred

VOROS, Judge:

¶1    Jeremy T. Bartlett (Father) and Claudia L. Bartlett
(Mother) divorced in May 2008. Shortly after their divorce, the
trial court awarded temporary custody of the couple's two
children to Father. After a bench trial in 2012, the trial court
awarded primary physical custody to Mother and joint legal
custody to both parents. Eight months after the bench trial, the

---

1. Appellee did not file a brief on appeal.

trial court entered its findings of fact and conclusions of law. Father appeals the trial court's order granting Mother primary physical custody of the children. We conclude that the trial court's findings do not adequately support the custody award. Consequently, we vacate the trial court's order granting Mother primary physical custody and remand for further proceedings. In all other respects, we affirm the order of the trial court.

I. Inadequate Findings of Fact

¶2     Father contends that the trial court's findings do not adequately support its decision. He argues that they lack sufficient detail and fail to disclose the rationale for awarding Mother primary physical custody. "A trial court's failure to provide adequate findings is reversible error when the facts are not clear from the record." *Andrus v. Andrus*, 2007 UT App 291, ¶ 17, 169 P.3d 754. Generally, "findings of fact must show that the court's judgment or decree follows logically from, and is supported by, the evidence. The findings should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached." *Id.* (citation and internal quotation marks omitted).

¶3     Here, the trial court's findings do not include enough subsidiary facts to disclose the steps by which the trial court decided to award Mother primary physical custody of the children. *See id.* After a bench trial in April 2012, the trial court described both Mother and Father as "fit and proper parents." The court awarded primary physical custody to Mother, explaining that the "deciding point" for the custody award was the "change in circumstances shown by [Mother] versus [Father]." To support this conclusion, the trial court noted that Mother now supported herself, in contrast to Father, who was "still somewhat supported by his parents."

¶4     Before the trial court entered its findings of fact, however, it held a review hearing. At the review hearing, Father alleged

that Mother "refuses to allow [Father] to have his time" with the children, in violation of the visitation schedule set at trial. Father further alleged that the children's performance in school had suffered since the court awarded Mother primary physical custody, that Mother "may have been involved in another domestic violence event," and that Mother was "expecting another child" with a man to whom she was not married. Based on these allegations the court admonished Mother and reminded her that she needed to obey the court-ordered visitation schedule:

> Miss Bartlett, my decision announced from the bench is the law of your case. You will follow it, ma'am. . . . It is not reasonable . . . for you to show up in my courtroom complaining about Mr. Bartlett's behavior when you are expecting a child by a man to whom you are not married, and your children are seeing your inappropriate conduct and the evidence of that conduct on a daily basis. You do as the court has directed. . . . Mr. Bartlett is entitled to his weekends and two overnights per week.

¶5     A month after this review hearing, the trial court entered its findings of fact and conclusions of law awarding Mother primary physical custody. These findings describe the status of the parties in some detail. They state that "[b]oth parties have become responsible enough to maintain their own households"; conclude that "both parties, in the presence of the children, have learned to focus on the children's needs"; state that "the children were happy and well-adjusted in their living circumstances with [Father]" for the four years preceding trial; summarize the conclusions of the custody evaluator and other experts; and conclude that "[b]oth parents are fit and proper persons to have custody of their minor children." Indeed, the court indicates that the parties "are evenly balanced" in all respects except one: "[Mother] is better able and equipped to support and sustain a

positive relationship between [the children] and their father. [Father] has not shown a similar propensity."

¶6     Reviewing these findings of fact in light of the record, we conclude that, though admirably detailed, they do not disclose the steps by which the court reached its decision to award custody to Mother. *See Andrus*, 2007 UT App 291, ¶ 17. The custody award hangs on the factual conclusion that Mother "is better able and equipped to support and sustain a positive relationship between the [children] and their father." But the trial court identified no subsidiary facts supporting this finding—a striking omission in light of the fact that the court had recently admonished Mother for denying Father court-ordered access to the children. In addition, the court's findings do not elucidate why, in light of the parents' respective track records, the court found them "evenly balanced" in all other respects.

¶7     Nor is the basis for the custody award "clear from the record." *Andrus v. Andrus*, 2007 UT App 291, ¶ 17, 169 P.3d 754. Both the custody evaluator and the guardian ad litem recommended that Father maintain primary physical custody. "Although a district court is not bound to accept a custody evaluator's recommendation, the court is expected to articulate some reason for rejecting that recommendation." *R.B. v. L.B.*, 2014 UT App 270, ¶ 18. Even the licensed clinical social worker called by Mother at trial testified only that Mother's care of the children "exceeds that of a daycare setting." She did not recommend awarding primary physical custody to Mother, only increasing Mother's parent-time. Nor did she—or any other witness—testify that Mother was better able than Father to foster a relationship between the noncustodial parent and the children.

¶8     Because the trial court's findings lack sufficient detail to demonstrate a factual basis for the custody award, we vacate that award and remand the case for further proceedings, including supplementation of the court's findings and

reconsideration of the custody award in light of those supplemented findings.[2]

## II. Ex Parte Communication

¶9     Next, Father contends that the trial court erred by receiving ex parte communications from Mother in the form of letters to the court. "A judge shall not initiate, permit, or consider ex parte communications, or consider other communications made to the judge outside the presence of the parties or their lawyers, concerning a pending or impending matter . . . ." Utah Code Jud. Conduct R. 2.9(A). However, we recognize no "categorical rule that whenever a judge engages in an ex parte conversation, he or she is deemed to be partial, biased, or prejudiced such that disqualification is mandated." *In re Young*, 1999 UT 81, ¶ 36, 984 P.2d 997. The complaining party "must instead establish that the ex parte communication stemmed from or otherwise involved the type of personal bias or prejudice contemplated by [rule 2.11(A)(1) of the Utah Code of Judicial Conduct]." *Id*. That rule provides that "personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding" requires disqualification. Utah Code Jud. Conduct R. 2.11(A)(1).

¶10     Father has not made the requisite showing here. The only record evidence he cites in support of his contention is an exchange at the review hearing. The trial court told Mother, "It's not appropriate for you to send something to me without

---

2. Father also contends that the trial court abused its discretion in disregarding testimony of several witnesses who recommended that Father maintain primary physical custody. But because we rule that the findings of fact inadequately disclose the steps by which the trial court came to its conclusion, we need not reach this contention.

[Father's counsel] seeing it at the same time." Mother responded, "That's what I have been doing, Your Honor." The court then replied, "Good. I want to just make sure that you still do that." The exchange does not clearly establish the existence of an ex parte communication, much less one that stemmed from or resulted in personal bias or prejudice.

¶11    In conclusion, we reject Father's ex parte communication claim but vacate the custody award and remand the case for entry of supplemental findings and a new custody award in light of those supplemental findings.

———————